# EXHIBIT 1

**Complaint, filed August 18, 2020**

# EXHIBIT 1

**Complaint, filed August 18, 2020**

Electronically Filed
8/18/2020 3:42 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
**LAW OFFICES OF ROBERT P. SPRETNAK**
2  Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
3  Las Vegas, Nevada 89123
Telephone: (702) 454-4900
4  Fax: (702) 938-1055
Email: bob @ spretnak.com
5
Attorney for Marilyn Armstrong, Plaintiff
6

7                          DISTRICT COURT

8                    CLARK COUNTY, NEVADA

9  MARILYN ARMSTRONG,                  )  Case No.:
                                       )  Dept. No.:
10          Plaintiff,                 )
                                       )
11      vs.                            )
                                       )
12  BOULDER CITY HOSPITAL, INC.,       )  **COMPLAINT**
    a Nevada non-profit corporation,   )
13                                     )  **(JURY DEMANDED)**
            Defendant.                 )
14

15      Plaintiff MARILYN ARMSTRONG states as follows:

16                    **Jurisdiction and Venue**

17      1.    This is an action for damages arising from the terms and conditions of the

18  employment of MARILYN ARMSTRONG, Plaintiff, by BOULDER CITY HOSPITAL, INC., a

19  Nevada non-profit corporation, Defendant, including but not limited to the termination of that

20  employment relationship.

21      2.    The district courts of the State of Nevada have jurisdiction over all of the claims that

22  have been pled in this matter.

23      3.    The amount in controversy is in excess of $15,000.00; therefore, this case is brought

24  in the District Court of the Eighth Judicial District Court in and for the County of Clark, State of

25  Nevada.

26      4.    Venue is proper in the District Court of the Eighth Judicial District Court in and for

27  the County of Clark, State of Nevada, as both parties are domiciled in Clark County, Nevada, and

28  all events relevant to the claims pled herein occurred in Clark County, Nevada.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 8

Case Number: A-20-819799-C

### Exhaustion of Administrative Remedy

5.      On October 9, 2017, Ms. Armstrong filed with the Nevada Equal Rights Commission ("NERC") her "Employment Discrimination Complaint," against her employer, Defendant Boulder City Hospital, Inc.   A true and correct copy of this Employment Discrimination Complaint is attached to this Complaint as Exhibit 1.

6.      On January 25, 2018, Ms. Armstrong filed with the NERC her formal "Charge of Discrimination" against Defendant Boulder City Hospital, Inc. She alleged unlawful discrimination on account of her race (Black/African-American) and on account of her disability.  She further alleged unlawful retaliation based on her request for a disability accommodation and her objection to Defendant's failure to provide an accommodation.  This Charge was filed under the laws of the State of Nevada and was assigned Charge No. 0126-18-0075L by the NERC.  This Charge also was filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq., and was jointly filed with the United States Equal Employment Opportunity Commission ("EEOC") and assigned the EEOC Charge No. 34B-2018-00042.  A true and correct copy of this Charge of Discrimination is attached to this Complaint as Exhibit 2.

7.      By notice dated January 30, 2018, the NERC provided sent to Defendant Boulder City Hospital, Inc., the "Notice of Charge Discrimination," notifying Defendant of the filing of the Charge of Discrimination referenced above jointly with the NERC and the EEOC.  A true and correct copy of this Notice of Charge of Discrimination is attached to this Complaint as Exhibit 3.

8.      By email on or about April 6, 2020, the NERC issued its Determination upon Ms. Armstrong's Charge of Discrimination, finding that there was "probable cause" for its finding of unlawful race discrimination.  A true and correct copy of this Determination is attached to this Complaint as Exhibit 4.

9.      By letter dated May 22, 2020, the NERC issued its "Right-to-Sue Notice" to Ms. Armstrong, allowing her to file suit on her Nevada-law based claims.  The letter further provided, "In light of the global pandemic and maintaining safe practices, NERC will deem the matter closed for tolling purposes once the Governor lifts the stay-at-home-order."  As that order has not been

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 8

1  lifted as of the date of this filing, the 90-day time period for filing claims in court based on receiving

2  the "Right-to-Sue-Notice" has not yet begun to run.  Nevertheless, this Complaint is being filed

3  within 90 days of Ms. Armstrong's receipt of the "Right-to-Sue-Notice" set forth in the letter dated

4  May 22, 2020.  A true and correct copy of this letter dated May 22, 2020, containing the NERC's

5  "Right-to-Sue-Notice" issued to Ms. Armstrong, is attached as Exhibit 5.

6       10.    Therefore, Ms. Armstrong's Complaint in this action has been timely filed with regard

7  to her claims arising under Nevada law.

8       11.    Ms. Armstrong, therefore, has exhausted her administrative remedy with regard to

9  her claims arising under Nevada law, prior to filing this action with this Court.

10  **General Allegations**

11       12.    Ms. Armstrong repeats the allegations contained in paragraphs 1 to 11, *supra*.

12       13.    Ms. Armstrong is a citizen of the State of Nevada and a resident of Clark County,

13  Nevada, at all times relevant to this matter.

14       14.    Defendant Boulder City Hospital, Inc., is a non-profit corporation organized under

15  the laws of the State of Nevada.  It conducts business in Clark County, Nevada, from its main

16  location of 901 Adams Boulevard, Boulder City, Nevada 89005.

17       15.    Defendant had over 20 employees at all times relevant to this matter.

18       16.    Defendant is believed to have had over 200 employees, and less than 500 employees,

19  at all times relevant to this matter.

20       17.    Ms. Armstrong began her employment with Defendant on or about October 8, 2008.

21       18.    Throughout her employment with Defendant, Ms. Armstrong held the position of

22  Respiratory Therapist.

23       19.    Ms. Armstrong was continually subjected to extreme and pervasive race-based

24  harassment during her employment with Defendant.

25       a.    Ms. Armstrong's supervisor Kris Devoss derisively called Black female

26  patients of Boulder City Hospital "Aunt Jemima," in a derogatory and demeaning manner.

27       b.    Ms. Devoss derisively and dismissively called Black male patients of Boulder

28  City Hospital called "black dude," again in a derogatory and demeaning manner.  White male

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 8

1  patients were referenced by name and not race.

2           c.      Ms. Devoss told one co-worker of Ms. Armstrong, Fatima (LNU), that she

3  did not want her husband to visit her at work because she, Ms. Devoss, did not want "no Black dude

4  coming in."

5           d.      Racially-harassing comments such as the examples set forth above were

6  continually made in the presence of Ms. Armstrong and other black/African-American individuals.

7           e.      Ms. Armstrong reported the harassment up the chain of command.  Defendant

8  failed to take corrective or responsive action and the race-based harassment continued unabated.

9       20.    Ms. Armstrong was subject to disparate treatment on account of her race,

10 Black/African-American:

11          a.      Ms. Devoss continually yelled at, and harassed, Ms. Armstrong, about

12 completing her work assignments.

13          b.      Ms. Devoss ordered Ms. Armstrong to complete all of her paperwork for her

14 shift by 3:00 a.m., even though Ms. Armstrong's shift ended at 6:00 a.m.  White co-workers were

15 given until the end of their respective shifts to complete their paperwork.

16          c.      Ms. Armstrong was routinely denied overtime work, which was provided to

17 white co-workers.

18      21.    Defendant paid Ms. Armstrong at a lower rate of pay than her white colleagues and

19 co-workers.

20          a.      Ms. Armstrong was paid at the rate of $28.00 per hour.

21          b.      Less experienced white co-workers employed in the same position of

22 Respiratory Therapist were paid between $30.00 and $33.00 per hour.

23          c.      This was part of a pattern and practice to pay black/African-American

24 employees less than white co-workers, which included lower starting rates of pay for black/African-

25 American employees relative to white co-workers.

26      22.    Defendant disciplined its Black/African-American employees at a statistically

27 significant higher rate than its white employees.

28      23.    On or about April 5, 2017, Ms. Armstrong suffered a work-related injury.  As a

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

1  consequence of the on-the-job injury, Ms. Armstrong suffered a disabling back injury that limited

2  her ability to perform some of the tasks associated with her position.  Ms. Armstrong's treating

3  physician limited her to lifting no more than two pounds, unassisted, at any one time.

4      24.    Ms. Armstrong then requested a reasonable accommodation to her back-related

5  disability.

6      25.    Defendant failed and refused to provide Ms. Armstrong with any accommodation to

7  her back-related disability.

8      26.    Ms. Armstrong is informed and believes that white employees of Defendant were

9  provided with reasonable accommodations to disability and with light-duty assignments to assist in

10  transitioning back to work following a workplace injury.

11      27.    Ms. Armstrong was involuntarily terminated from her employment with Defendant

12  by letter dated October 30, 2017.

13  **First Claim for Relief**

14  *Unlawful employment discrimination due to race in violation of NRS 613.330(1)*

15      28.    Ms. Armstrong repeats the allegations contained in paragraphs 1 to 27, *supra*.

16      29.    Ms. Armstrong is a person of the Black/African-American race.

17      30.    By the actions set forth above, and as set forth in the Charge of Discrimination (Ex.

18  2) and in the Determination (Ex. 4), Defendant violated NRS 613.330(1) because it unlawfully

19  discriminated against Ms. Armstrong in the terms and conditions of her employment because of her.

20      31.    Because Defendant unlawfully discriminated against Ms. Armstrong and subjected

21  her to disparate treatment and harassment because of her race, in violation of NRS 613.330(1),

22  Defendant must pay Ms. Armstrong damages in an amount in excess of $15,000.00, to be determined

23  at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering,

24  inconvenience, mental anguish and loss of enjoyment of life.

25      32.    Because Defendant is guilty of oppression, fraud or malice, express or implied, it

26  must pay Ms. Armstrong an additional amount for the sake of example and by way of punishment.

27      33.    Ms. Armstrong has had to procure the services of an attorney to protect her rights and

28  to secure compensation for damages incurred as a result of these violations of NRS 613.330(1);

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A  PROFESSIONAL  CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

therefore, she is entitled to recover reasonable attorneys' fees pursuant to Section 3 of SB 177 (2019), which incorporates the remedy of attorney's fees as set forth in 42 U.S.C. § 2000e-5(k).

### Second Claim for Relief

*Unlawful employment discrimination due to disability in violation of NRS 613.330(1)*

34.     Ms. Armstrong repeats the allegations contained in paragraphs 1 to 33, *supra*.

35.     Ms. Armstrong was diagnosed as suffering from a disability related to chronic back pain and injury to the lumbar spine area.

36.     Ms. Armstrong is a person with a disability who would have been able to perform the essential functions of her job at the time of her termination.

37.     Ms. Armstrong had an impairment that is a chronic medical condition recognized as a disability under the relevant disability law.  Ms. Armstrong has had a physical or mental impairment that substantially limited one or more major life activities, including but not limited to lifting, bending and working.

38.     Defendant regarded Ms. Armstrong as disabled and unable to perform the essential functions of her job without an accommodation.

39.     Ms. Armstrong requested an accommodation from Defendant that would have allowed her to perform the essential functions of her job as Respiratory Therapist.

40.     Defendant failed to respond to Ms. Armstrong's request for an accommodation.

41.     Defendant failed to provide a reasonable accommodation to Ms. Armstrong that would have allowed her to perform the essential functions of her job of Respiratory Therapist.

42.     Defendant, instead, ordered Ms. Armstrong to take a medical leave of absence.

43.     Defendant unlawfully discriminated against Ms. Armstrong in violation of NRS 613.330(1) because of her disability and because Defendant regarded Ms. Armstrong as being disabled.  Furthermore, Defendant failed and refused to provide Ms. Armstrong the necessary, requested reasonable accommodation that would have allowed her to perform the essential functions of her job of Respiratory Therapist.

44.     Because Defendant failed to accommodate Ms. Armstrong's disability requests; because Defendant unlawfully discriminated against Ms. Armstrong and subjected her to disparate

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A  PROFESSIONAL  CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 6 of 8

treatment with regard to the terms and conditions of her employment; and because Defendant terminated Ms. Armstrong's employment rather than provide a reasonable accommodation that would have allowed her to perform the essential functions of her job as Respiratory Therapist, Defendant must pay Ms. Armstrong damages in an amount in excess of $15,000.00, to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

45.     Because Defendant is guilty of oppression, fraud or malice, express or implied, it must pay Ms. Armstrong an additional amount for the sake of example and by way of punishment.

46.     Ms. Armstrong has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of NRS 613.330(1); therefore, she is entitled to recover reasonable attorneys' fees pursuant to Section 3 of SB 177 (2019), which incorporates the remedy of attorney's fees as set forth in 42 U.S.C. § 12205.

### Third Claim for Relief

*Unlawful retaliation for engaging in protected activity in opposition to unlawful discrimination*

47.     Ms. Armstrong repeats the allegations contained in paragraphs 1 to 46, *supra*.

48.     Ms. Armstrong expressed to Defendant her opposition to the ongoing campaign of racial harassment and discrimination, and the failure to accommodate her disability.

49.     Defendant retaliated against Ms. Armstrong in the terms and conditions of her employment because of her stated opposition to unlawful discrimination on account of her race and disability when Defendant failed to accommodate her disability, ordered her to take a medical leave of absence, and, subsequently, terminated her employment on or about October 9, 2017.

50.     Defendant violated NRS 613.340(1) by unlawfully retaliating against Ms. Armstrong in the terms and conditions of her employment with Defendant.

51.     Because Defendant unlawfully retaliated against Ms. Armstrong for her opposition to unlawful harassment and discrimination on account of her race and her disability, Defendant must pay Ms. Armstrong damages in an amount in excess of $15,000.00, to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 7 of 8

52.    Because Defendant is guilty of oppression, fraud or malice, express or implied, it must pay Ms. Armstrong an additional amount for the sake of example and by way of punishment.

53.    Ms. Armstrong has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of this retaliation; therefore, she is entitled to recover reasonable attorneys' fees under Section 3 of SB 177 (2019), which incorporates the remedy of attorney's fees as set forth in the appropriate federal statute.

WHEREFORE, Plaintiff MARILYN ARMSTRONG prays that the following judgment be entered upon a trial by jury, against Defendant BOULDER CITY HOSPITAL, INC., a Nevada non-profit corporation:

1.    Monetary damages in an amount in excess of $15,000.00, to be determined at trial, which continue to accrue;

2.    An award of interest on the amount owed;

3.    Punitive damages;

4.    An award of attorneys' fees and costs pursuant to Section 3 of SB 177 (2019), 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and/or any other statute, as appropriate;  and

5.    Any further relief that this Court deems just.

DATED:  18 August 2020.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: _____
      Robert P. Spretnak, Esq.

Attorney for Marilyn Armstrong, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 8 of 8

# Exhibit 1

*Marilyn Armstrong v. Boulder City Hospital, Inc.*
**Civil Complaint**
NERC Employment Discrimination Complaint
(Oct. 9, 2017)

# Exhibit 1

State Of Nevada
Department Of Employment, Training And Rehabilitation
**Equal Rights Commission**

**Employment Discrimination Complaint**

Received NERC
OCT 09 2017
Las Vegas, NV

*The Nevada Equal Rights Commission is charged with the enforcement of employment, housing and public accommodations, state and federal discrimination laws, under NRS 233 and 613 inclusive; Title VII of the Civil Rights Act of 1964, as amended; Age Discrimination in Employment Act of 1967, as amended; and Equal Employment Opportunity Commission procedural regulations; housing NRS 118 and Public Accommodations NRS 651.*

**NOTE:** Your complaint must be filed within 300 days from the last alleged discriminatory act. The company against whom you are claiming discrimination must employ a total of 15 or more employees (total workforce – Nevada and elsewhere.)

**PLEASE PRINT CLEARLY**

**1)** Your Name: Mr. / Ms. Armstrong Marilyn        Date of Birth: redacted 1968
   Your Last Name / First Name                          Month Day Year

   Do you need the assistance of an interpreter? Yes [ ] No [X] (IF YES, what language?) _____

   Mailing Address: 2016 Thames View St  Henderson  NV  89044
   # & Street        Apt/Space #    City      State    ZIP CODE

   Telephone: Home _____ Cell _____ E-mail: _____

**2)** Company Name: Boulder City Hospital      Phone: 702-293-4111
   (Name the company that you believe discriminated against you.)

   Physical Address: 900 Adams  BC  NV  89005
   Street        Apt/Space/Room    City    State    Zip Code

**3)** Give the name of someone who can help us reach you.      Relationship: Partner
   Name: Springle Brian        Telephone: redacted
   Last Name    First Name
   Address: 2016 Thams View St  Henderson
   Street    Apt/Space/Room    City    State    Zip Code

**4)** Hire Date: 10/8/2008 Ending Date: 10/9/2017 Date of last alleged discriminatory act: 10/9/17
   Present or Ending Pay: $ 25.00 per 29.50  Present or Ending Position Title: Resp Therapist

This is a complaint of *discrimination based upon:*
(Mark only the reasons for which you believe caused the discriminatory act(s) you are claiming)
[X] Race _____       [ ] Color _____       [ ] Religion _____
[X] Disability _____  [X] Age _____         [ ] National Origin _____
[ ] Sex _____        [ ] Sexual orientation _____ [ ] Retaliation _____
[ ] Gender Identity or Expression _____

Mark only those actions allegedly taken against you AND the date of last occurrence.
[ ] Demotion _____          [X] Discharge 10/9/17    [ ] Lay Off _____
[ ] Failure to Hire _____    [ ] Harassment _____ [ ] Forced to Resign _____
[ ] Fail to Promote _____    [ ] Sexual Harassment ___ [ ] Failure to Compensate _____
[ ] Failure to Represent (Union) ___ [ ] Reasonable Accommodation _____
[ ] Pregnancy/Maternity (leave forced or denied) _____
[ ] Terms & Conditions of Employment _____

5-23-2013

**G)** List the name(s) of the individual(s) that you are claiming were involved in the alleged discrimination:

Chris Devos
First Name   Last Name
Supervisor
Job Title

Mc Graw Belinda
First Name   Last Name
HR Director
Job Title

First Name   Last Name   Job Title

**7)** What is the name of the company's Human Resources Manager?

Mc Graw Belinda
First Name   Last Name
702-293-4111
Telephone Number

**)** List the name(s) of person(s) who witnessed, observed and or who have knowledge of the events you are claiming were acts of discrimination. Give the names of those people who would willingly give a statement and would support you as your witness. NOTE: All witness testimony in this process is voluntary.

Sylvia Zavala   RT
First Name   Last Name   Home Address/Telephone Number

Valarie Varney   RT
First Name   Last Name   Home Address/Telephone Number

Fatima Franklin   RT
First Name   Last Name   Home Address/Telephone Number

First Name   Last Name   Home Address/Telephone Number

First Name   Last Name   Home Address/Telephone Number

Complete these sentences:

1) I was hired by Boulder City Hospital on or about Oct 6 2008
(Name of the company/business)   Month Day Year

as a Respiratory Therapist While employed there, I was subjected to discrimination
Because of my age, Race, and disability,
Injury from work
(Describe the type of discrimination/conditions that you are alleging happened)

by _____, my _____. After the last
(The primary person in your complaint)   (That person's job title - supervisor, co-worker.)

alleged discriminatory event, I filed my complaint with the Nevada Equal Rights Commission.

5-23-2013   Page 2 of 3

2) **The company explained that I was treated this way because:**

After speaking with Belinda McGraw her statement was, "If you hurt you can't work, and it cost the Hospital hots of money to keep me on-payroll." I haven't received no money from. BC Hospital. Since May. 2017.

3) **I believe I was treated this way because:**

After getting hurt at work, in April of 2017, and a Brief Conversation with Belinda, She coment when we get old sometime. Our healing process is different

4) **Explain the alleged discriminatory event(s) that occurred. Please include "who did what, who was there, what happened, when did it happen, where did it happen and what was said, etc." Please be as brief as possible. If you need more space to write, attach additional sheets of paper.**

I worked for 8½ Years Always was Denied overtime when I asked, for and it was available I have time Sheets for that Hourly pay, one employee. Actually 2 employees (White) Hired After me. with less years Exper making more money then me. Also after getting hurt and having a Back injury and Elbow Tear According to HR it cost alot of money. Also I was due an annual Raise

I swear/affirm that the above information is true and correct to the best of my knowledge and belief.

Signature _Meg Cy_  Date _10/9/17_

5-23-2013

# Exhibit 2

*Marilyn Armstrong v. Boulder City Hospital, Inc.*
**Civil Complaint**
NERC Charge of Discrimination
(Jan. 25, 2018)

# Exhibit 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 0126-18-0075L  34B-2018-00042 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Marilyn Armstrong** | **(702) 845-4067** | **1968** |

Street Address                                         City, State and ZIP Code
**2016 Thames View, Henderson, NV 89044**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BOULDER CITY HOSPITAL** | **15 - 100** | **(702) 293-4111** |

Street Address                                         City, State and ZIP Code
**901 Adams Blvd, Boulder City, NV 89005**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                         City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10/08/2008**     Latest **10/09/2017**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me on the basis of disability and race, Black. I was subjected to harassment, different terms and conditions of employment, unequal wages, and denied a reasonable accommodation. I was retaliated against and discharged on October 9, 2017. I filed my complaint with the Nevada Equal Rights Commission on October 9, 2017.

I worked for the Respondent from October 8, 2008 through October 9, 2017 as a Respiratory Therapist.

*Harassment*
From the onset of my employment, I was subjected to harassment by Supervisor Kris Devoss (White). She would constantly refer to Black patients in a derogatory manner by calling Black female patients "aunt Jemima" and Black male patients "Black dude." On one occasion, Ms. Devoss told coworker Fatima (Last name unknown) that she did not want her husband to come to visit her at work because she did not want "no

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  **NEVADA EQUAL** |
| _____ 1/25/17 _____  X _____ (signature) _____  Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  **JAN 25 2018**  **RIGHTS COMMISSION** |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 0126-18-0075L<br>**34B-2018-00042** |

| **Nevada Equal Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Black dude coming in."

<u>Terms and conditions</u>
Ms. Devoss also subjected me to unequal terms and conditions of employment. She constantly yelled at me to complete my work. She wanted me to finish all my assignments including paperwork by 3am although my shift ended at 6am. Ms. Devoss did not subject my White coworkers to the same. I was also denied overtime yet my White coworkers were given plenty of overtime hours.

<u>Wages</u>
The Respondent paid me unequal wages compared to my White counterparts despite them having less experience than me. I have 20 years of experience and received a pay of $28 per hour. However, Betty (Last name unknown) (White) was paid $30 per hour, Annette was paid $32 per hour, and a White male Respiratory Therapist (Name unknown) was paid $33 per hour. I became aware that a similarity Black coworker was also paid less.

<u>Reasonable accommodation</u>
On or about April 5, 2017, I suffered a work injury and restricted from lifting more than 2 pounds. All the appropriate paperwork was provided to the Respondent; however, I was not accommodated and I forced to take medical leave.

<u>Retaliation</u>
On or about October 30, 2017, Human Resources Director Belinda McGraw (White) sent me a letter notifying me that I was no longer employed by the Respondent. It is my contention that the Respondent discriminated against me on the basis of disability and/or terminated me in retaliation for requesting an accommodation.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act Amendments Act (ADAAA) and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT        NEVADA EQUAL |
| X 1/25/10        X _(signature)_<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE JAN 25 2018<br>(month, day, year)<br><br>RIGHTS COMMISSION |

# Exhibit 3

*Marilyn Armstrong v. Boulder City Hospital, Inc.*
**Civil Complaint**
NERC Notice of Charge of Discrimination
(Jan. 30, 2018)

# Exhibit 3

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Belinda McGraw, Director of H.R.<br>BOULDER CITY HOSPITAL<br>901 Adams Blvd,<br>Boulder City, NV 89005 | **Marilyn Armstrong** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**34B-2018-00042** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional Information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **18-APR-18** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Dennis Maginot,**<br>**Compliance Investigator II** | **Nevada Equal Rights Commission**<br>**1820 East Sahara Avenue**<br>**Suite 314** |
| *EEOC Representative* | **Las Vegas, NV 89104** |
| *Telephone*   **(775) 823-6690** | **Fax: (775) 688-1292** |

Enclosure(s): [X] Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [X] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

**See enclosed copy of charge of discrimination.**

---

| Date<br>**January 30, 2018** | Name / Title of Authorized Official<br>**Kara M. Jenkins,**<br>**Administrator** | Signature<br>*Kara M Jenkins* |
|---|---|---|

# Exhibit 4

*Marilyn Armstrong v. Boulder City Hospital, Inc.*
**Civil Complaint**
Determination
(Apr. 6, 2020)

# Exhibit 4

*Via Email*

**April 6, 2020**

**Case Name:**
Marilyn Armstrong
vs.
Boulder City Hospital

**Charge No.:**
NERC: 1026-18-0075L
EEOC: 34B-2018-00042C

**Charging Party**
Marilyn Armstrong

**Respondent**
Boulder City Hospital

## DETERMINATION

Respondent, Boulder City Hospital (RSP), is an employer, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above-referenced charge of discrimination was filed by Charging Party (CP), Marilyn Armstrong, alleging discrimination based on race and disability.

## NERC Finding

The Commission finds PROBABLE CAUSE for race discrimination.

Although the investigation did not provide sufficient evidence to show cause for disability discrimination, the Commission was concerned that evidence did show a strained relationship between CP (African American/black) and supervisor Kris Devoss (Caucasian/white). Even more disturbing is credible evidence that Respondent [through Kris Devoss] harassed CP with frequent, racist comments about black people; implying a segregationist attitude that was indeed pervasive. NERC does not condone evidence of such behavior in the workplace.

As it relates to the harassment of CP, evidence shows Respondent on multiple occasions referred to black patients in a derogatory manner and referred to black female patients as "Aunt Jemima" and black male patients as "black dude(s)." Furthermore, Devoss expressed a desire to keep a co-worker's black husband from the workplace because she did not want "...no black dude coming in." In its investigation, NERC learned that comments like these were made constantly in the presence of CP and of black persons. Despite CP complaining of harassment up the chain of command, Respondent failed to take corrective action of a hostile work environment. Respondent may argue CP failed to report but evidence to the contrary supports CP's position that Respondent was put on-notice, should have been aware, yet failed to act.

1

NERC maintains that any derogatory name(s) or contextual reference based on racial animus toward African Americans *especially* comments that flirt with references of slavery stereotypes create a hostile work environment not only to African Americans but to all third parties within ear shot - regardless of race.  By failing to address the pervasive harassment endured based on race, Respondent failed to adhere to EEO standards.

Respondent kept Kris Devoss immune from EEO requirements at the expense of staff.  It is the Commission's position that blacks are indeed subjected to different terms than white staff, with evidence that blacks are paid less at the start of their employment than whites; disciplined more frequently and have been given preference of having black Friday off "because that's [black staff's] holiday."  Respondent failed to adhere to an EEO environment.

## Conciliation

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violation(s) have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter.

On Behalf of the Commission,

Kara M. Jenkins
Administrator

*In light of the global pandemic and maintaining safe practices, conferences will be conducted over the Commission's private conference line; not in-person.*

2

# Exhibit 5

*Marilyn Armstrong v. Boulder City Hospital, Inc.*
**Civil Complaint**
NERC "Right-to-Sue" Notice
(May 22, 2020)

# Exhibit 5



NEVADA EQUAL RIGHTS
COMMISSION

**Nevada Department of Employment,
Training and Rehabilitation**

STEVE SISOLAK
Governor

HEATHER KORBULIC
Director

KARA M. JENKINS
Administrator

May 22, 2020

Christina Mundy-Mamer, Esq.
Messner Reeves LLP
8945 West Russell Road, Suite 300
Las Vegas, NV 89148  **via email and US mail**

RE:   Marilyn Armstrong   vs   Boulder City Hospital
NERC No. 0126-18-0075L        EEOC No. 34B-2018-00042

Dear Ms. Mundy-Mamer:

Since Conciliation efforts in your client's Charge have failed, in accordance with our
Work Sharing Agreement with the Equal Employment Opportunity Commission
(EEOC), we are forwarding this case to the EEOC for further processing. Thus, the
Nevada Equal Rights Commission is closing its files on the Charge.

**EEOC will be contacting you and/or your client regarding the disposition of her
case. In the interim, you and/or your client may inquire about her case, in writing,
through EEOC's Los Angeles District Office located at 255 E. Temple Street, 4ᵗʰ
floor, Los Angeles, CA 90012.**

**Right-to-Sue Notice:**  This letter constitutes your client's state Right-to-Sue Notice.

**NOTE: In light of the global pandemic and maintaining safe practices, NERC will
deem the matter closed for tolling purposes once the Governor lifts the stay-at-
home-order.**

Please be advised that the NERC's determination does <u>not</u> preclude you and/or your client
from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part:  "If the Nevada Equal
Rights Commission does not conclude that an unfair employment practice . . . has
occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a
practice has occurred may bring a civil action in district court not later than 90 days after
the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action
authorized by NRS 613.420 may be brought more than 180 days after the date of the act
complained of or more than 90 days after the date of the receipt of the right-to-sue
notice...whichever is later.  When a complaint is filed with the Nevada Equal Rights

Marilyn Armstrong vs Boulder City Hospital
NERC No. 0126-18-0075L
EEOC No. 34B-2018-00042C
Page 2 of 2

Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If you and/or your client should have any questions, you may contact me at (702) 486-7161. Thank you for your client's time and attention in this matter.

Sincerely,

Richard Brown
Compliance Investigator II

cc: Justin Shiroff, Esq.
    Marilyn Armstrong

## EXHIBIT 2

**Summons, issued September 11, 2020**

## EXHIBIT 2

**Summons, issued September 11, 2020**

1   **SEI**
    LAW OFFICES OF ROBERT P. SPRETNAK
2   Robert P. Spretnak, Esq. (Bar No. 5135)
    8275 S. Eastern Avenue, Suite 200
3   Las Vegas, Nevada 89123
    Telephone: (702) 454-4900
4   Fax: (702) 938-1055

5   Attorney for Marilyn Armstrong, Plaintiff

6

7                    EIGHTH JUDICIAL DISTRICT COURT

8                       CLARK COUNTY, NEVADA

9   MARILYN ARMSTRONG,               )   Case No.:  A-20-819799-C
                                     )
10              Plaintiff,           )   Dept. No.:  15
                                     )
11      vs.                          )
                                     )
12  BOULDER CITY HOSPITAL, INC.,     )
    a Nevada non-profit corporation, )
13                                   )
                Defendant.           )
14                                   )

15                         **<u>SUMMONS</u>**

16  **NOTICE!     YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

17              **WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE**

18              **WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION**

19              **BELOW CAREFULLY.**

20  TO:         BOULDER CITY HOSPITAL, INC., Defendant.

21          A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to

22  recover the relief requested in the complaint, which could include a money judgment against you

23  or some other form of relief.

24          If you intend to defend this lawsuit, within 21 calendar days[1] after this Summons is

25  served on you (not counting the day of service), you must:

26

27      [1]  The State of Nevada, its political subdivisions, agencies, officers, employees, board
    members, commission members, and legislators each have 45 days after service of this Summons
28  within which to file a response to Plaintiff's complaint.

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A  PROFESSIONAL  CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Case Number: A-20-819799-C

1.     File with the Clerk of the Court, whose address is shown below, a formal written response (typically a legal document called an "answer," but potentially some other response) to Plaintiff's complaint.

2.     Pay the required filing fee to the court, or file an Application to Proceed In Forma Pauperis and request a waiver of the filing fee.

3.     Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address is shown below.

> **Information and forms to assist you are available, free of charge, at the Civil Law Self- Help Center at the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada, and on the center's website at www.civillawselfhelpcenter.org.**

If you fail to respond, the Plaintiff can request your default. The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiff's complaint.

If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

STEVEN D. GRIERSON, CLERK OF COURT

By: Deputy Clerk                                    Date   9/14/2020
    Robyn Rodriguez
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Issued at the request of:

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
        Robert P. Spretnak, Esq.

Attorney for Marilyn Armstrong, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 4

**AOS**
LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055

Attorney for Marilyn Armstrong, Plaintiff

EIGHTH JUDICIAL DISTRICT COURT

CLARK COUNTY, NEVADA

|  |  |
|---|---|
| MARILYN ARMSTRONG, | Case No.:  A-20-819799-C |
| Plaintiff, | Dept. No.:  15 |
| vs. | |
| BOULDER CITY HOSPITAL, INC., a Nevada non-profit corporation, | |
| Defendant. | |

### <u>AFFIDAVIT/DECLARATION OF SERVICE UNDER PENALTY OF PERJURY</u>

_____, being first duly sworn, says: That at all times herein, affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  This affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 2020, and served the same on the _____ day of _____, 2020, by:

**(Affiant must complete the appropriate paragraph)**

1.      Delivering and leaving a copy with the Defendant _____ at (state address) _____.

2.      Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____.

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A   PROFESSIONAL   CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 4

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address)

_____

 (a) With _____ as _____, an agent lawfully designated by statute to accept service of process;

 (b) With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address is the address of the resident agent shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

   ❑ Ordinary mail
   ❑ Certified mail, return receipt requested
   ❑ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is(state address)

_____

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.**

SERVER'S SIGNATURE: _____ Date: _____

Server's Phone: _____

Server's ❑ Residential/ ❑ Business Address: _____

 ❑ I am a licensed process server or an employee of a licensed process server; my license or registration number is (insert license or registration number): _____.

 ❑ I am not required to be licensed under chapter 648 of the Nevada Revised Statutes or another provision of law because am not engaged in the business of serving legal process within the State of Nevada.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 4